NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRENDA ANN MCGOWAN, | No. 17-56904 |
| Plaintiff-Appellant, | D.C. No. 5:16-cv-00923-VEB |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Victor E. Bianchini, Magistrate Judge, Presiding

Submitted January 4, 2021**

Before:     Goodwin, Canby, and Leavy, Circuit Judges.

Brenda Ann McGowan appeals pro se the district court's judgment affirming

the Commissioner of Social Security's denial of McGowan's application for

disability insurance benefits and supplemental social security income under Titles

II and XVI of the Social Security Act.  We have jurisdiction under 28 U.S.C. §

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1291 and 42 U.S.C. § 405(g). We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

The Administrative Law Judge ("ALJ") did not commit a reversible error by not including the exhibit list required by the Hearings, Appeals, and Litigation Law Manual ("HALLEX") in its decision because the ALJ's noncompliance with HALLEX is not legally enforceable. *See Moore v. Apfel*, 216 F.3d 864, 868 (9th Cir. 2000) ("HALLEX is strictly an internal guidance tool" and "[a]s such, it does not prescribe substantive rules and therefore does not carry the force and effect of law"). In any case, the error was harmless because McGowan does not dispute on appeal that she knows what evidence the ALJ relied upon, or that the ALJ did, in fact, consider the complete record. *See Molina,* 674 F.3d at 1111 ("we may not reverse an ALJ's decision on account of an error that is harmless").

The ALJ proffered specific, clear, and convincing reasons for discounting McGowan's pain and limitations testimony because McGowan's testimony conflicted with the nature and extent of her daily activities and because the objective medical record did not fully support her allegations. *See id.* at 1113 (explaining that even where daily activities suggest some difficulty functioning, "they may be grounds for discrediting the claimant's testimony to the extent that they contradict a claim of a totally debilitating impairment"); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot

17-56904

form the sole basis for discounting a claimant's [alleged symptoms], it is a factor that the ALJ can consider in his credibility analysis."). Contrary to McGowan's argument, the ALJ considered all of the relevant medical conditions and records. Moreover, although the lack of evidence of physical causes of pain is not incompatible with the diagnosis of fibromyalgia, the ALJ acknowledged McGowan's fibromyalgia diagnosis, found it a severe impairment, and limited McGowan to sedentary work with some additional limitations.

We decline to review the additional arguments raised by McGowan in her opening brief because they were raised for the first time on appeal. *See Warre v. Comm'r of Soc. Sec. Admin.,* 439 F.3d 1001, 1007 (9th Cir. 2006) (issues not raised before the district court are waived on appeal).

**AFFIRMED.**

17-56904